# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

The Continental Insurance Co.,             Civil No. 17-552 (DWF/HB)

         Plaintiff,

                                                        **MEMORANDUM**
v.                                                 **OPINION AND ORDER**

Daikin Applied Americas Inc.,

         Defendant.

---

Andrea E. Reisbord, Esq., and Jeanne H. Unger, Esq., Bassford Remele; and Patrick Florian Hofer, Esq., Clyde & Co US LLP, counsel for Plaintiff.

Douglas L. Skor, Esq., John M. Bjorkman, Esq., and Monica Detert, Esq., Larson King, LLP; and Michael Lamar Jones, Esq., Henry & Jones, LLP, counsel for Defendant.

---

## INTRODUCTION

The plaintiff-insurer filed suit for breach of contract and seeking a declaratory judgment against the defendant-insured. The insured answered and counterclaimed. The plaintiff moved the Court to dismiss certain counterclaims and defenses. For the reasons discussed below, the Court denies the plaintiff's motion.

## BACKGROUND

Plaintiff The Continental Insurance Co. filed suit alleging breach of contract and seeking a declaration that it was not liable to insure Defendant Daikin Applied Americas, Inc. From 1973 until 1982, Continental contracted to insure McQuay-Perfex, Inc., a predecessor to Daikin. On September 24, 2013, Daikin notified Continental that Daikin

had been named a defendant in mass tort asbestos litigation. In April 2014, Continental told Daikin that it was searching for policies and requested additional information. Then in June 2014, Continental notified Daikin that it had received notice of only one of the lawsuits, instead of the twenty-three cases incorporated into the mass litigation. Finally on June 8, 2015, Continental agreed to defend the asbestos suits with a reservation of rights.

Between September 24, 2013 and June 8, 2015, Daikin incurred approximately $680,000 in attorney fees and costs. After Continental agreed to defend Daikin, Continental sent a check for $645,346.37. Daikin asked for the money to be wired, and Continental then sent $256,183.61, because Continental determined the remainder was unrecoverable as pre-tender costs.

After Continental filed suit, Daikin answered and counterclaimed for breach of contract and declaratory judgment. Continental has moved to dismiss: (1) Daikin's defense that Continental waived its claim for breach of contract; (2) Daikin's breach-of-contract defense that Continental breached the implied covenant of good faith and fair dealing; and (3) Daikin's claim for breach of contract based on a conflict of interest.

## DISCUSSION

I.   **Legal Standard**

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th

Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## I.     Waiver and Good-Faith-and-Fair-Dealing Defenses

Continental moves to dismiss[1] Daikin's affirmative defenses of waiver and breach of the covenant of good faith and fair dealing. Continental first argues that Daiken's

---

[1]     A motion to strike is the proper mechanism to challenge defenses. *See* Fed. R. Civ. P. 12(f); *Schlief v. Nu-Source, Inc.*, Civ. No. 10-4477, 2011 WL 1560672, at *8 (D. Minn. Apr. 25, 2011). A district court enjoys "liberal discretion" under this rule.
(Footnote Continued on Next Page)

defenses fail because they do not meet the *Iqbal/Twombly* standard. But courts in this district have concluded that the *Iqbal/Twombly* standard does not apply to affirmative defenses. *See, e.g.*, *Schlief v. Nu-Source, Inc.*, Civ. No. 10-4477, 2011 WL 1560672, at *9 (D. Minn. Apr. 25, 2011); *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010); 5 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 1274 (3d ed. 2017) (noting the split among courts). As a result, Daikin can adequately plead its defenses by merely listing them. *Lasser v. Am. Gen. Life Ins. Co.*, Civ. No. 14-3326, 2015 WL 12778004, at *3 (D. Minn. Apr. 3, 2015) ("A party sufficiently pleads and preserves an affirmative defense by simply identifying the defense in the party's responsive pleading."), *report and recommendation adopted*, Civ. No. 14-3326, 2015 WL 12780472 (D. Minn. Apr. 20, 2015); *Wells Fargo & Co.*, 750 F. Supp. 2d at 1051 (noting that a party usually merely lists its affirmative defenses). Here, the Court concludes that, having listed the defenses, Daikin has adequately pleaded waiver and breach of the implied covenant of good faith fair dealing.[2]

Nonetheless, Continental argues that the waiver defense fails as a matter of law. Under Minnesota law, insurers cannot expand coverage by waiving exclusions. *Minn. Commercial Ry. Co. v. Gen. Star Indem. Co.*, 408 F.3d 1061, 1063 (8th Cir. 2005)

---

(Footnote Continued From Previous Page)
*Stanbury Law Firm, P.A. v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000). However, striking a party's pleadings "is an extreme measure," and motions to strike under Rule 12(f) "are viewed with disfavor and infrequently granted." *Id.*

[2]  Even if, as Continental argues, Daikin's bad-faith defense is incorporated into Daikin's breach-of-contract claim, the Court declines to dismiss the claim at this juncture.

(applying Minnesota law).  But insurers can waive notice provisions.  *See Food Mkt. Merch., Inc. v. Scottsdale Indem. Co.*, 857 F.3d 783, 788 (8th Cir. 2017) (applying Minnesota law) (concluding that waiver of notice provisions did not apply in this case).

Here, one of Continental's breach-of-contract claims is that Daikin failed to forward "every demand, notice, summons, or other process."  (Doc. No. 42 ("Am. Compl.") ¶ 36(a).)  Daikin alleges that Continental's claims are barred in part by waiver.  Thus, Daikin alleges that Continental's conduct in failing to defend Daikin for two years constituted a waiver of the notice provisions, which is grounds for one of Continental's breach-of-contract claims.  Such a defense is cognizable under Minnesota law.  *See Food Mkt. Merch., Inc.*, 857 F.3d at 788.  Thus, the Court denies Continental's motion to dismiss that defense.

## II.     Conflict of Interest

Continental also moves to dismiss Daikin's claim for breach of contract based on an alleged conflict of interest.  Generally insurers with a duty to defend may control the litigation, including selecting counsel.  *See, e.g.*, *Mut. Serv. Cas. Ins. Co. v. Luetmer*, 474 N.W.2d 365, 368-69 (Minn. Ct. App. 1991).  But when an insurer has a conflict of interest, the insured has the right to select independent counsel.  *See, e.g.*, *id.* at 368.  An actual conflict of interest must exist, however, rather than merely the appearance of one.  *See, e.g.*, *id.*  A reservation of rights is not a per se conflict of interest.  *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Donaldson Co., Inc.*, Civ. No. 10-4948, 2017 WL 3642120, at *9 (D. Minn. Aug. 23, 2017) ("[T]he existence of a reservation of rights

did not amount to a per se conflict of interest triggering a duty on AIG's part to notify Donaldson of the conflict and its right to independent counsel.").

Daikin alleges that Continental has a conflict as evidenced by Continental's reservation of rights and delay in agreeing to defend Daikin. Given the early stage, the Court concludes that Daikin has adequately alleged a breach of contract based on a conflict of interest. While a reservation of rights cannot, by itself, constitute a conflict of interest, the reservation of rights coupled with the nearly two-year delay raises the claim beyond the speculative. Thus, the Court denies Continental's motion to dismiss.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that The Continental Insurance Co.'s Motion to Dismiss for Failure to State a Claim (Doc. No. [46]) is **DENIED**.

Dated:  January 30, 2018                    s/Donovan W. Frank
                                                                       DONOVAN W. FRANK
                                                                       United States District Judge